**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,       § | | |
| Plaintiff,       § | | |
| § | | |
| v.       § | CR. No. C-07-517 (1) | |
| § | | |
| BILLY MACKEY,       § | | |
| Defendant.       § | | |

**MEMORANDUM OPINION AND ORDER
DENYING WITHOUT PREJUDICE AS MOOT
LETTER MOTION FOR CONCURRENT SENTENCE**

On March 23, 2010, the Clerk received a letter motion from Defendant Billy Mackey, which is dated March 10, 2010. (D.E. 51.) In it, Mackey asserts that the Court ordered his federal sentence to run concurrent with a previously-imposed state sentence, from the start date of that state sentence. He complains, however, that the Bureau of Prisons is refusing to credit his sentence with time for the period from June 26, 2006, when his state sentence began, until March 20, 2008, when he was sentenced in the instant case. He also attaches several documents, reflecting that he has attempted to resolve this issue directly with the Bureau of Prisons, to no avail.

Mackey is correct that the clear intent of the Court, reflected in both the judgment in this case and the electronic recording of the sentencing, is that Mackey's federal sentence should have commenced on June 26, 2006 and run concurrently with the state sentence imposed in Cause No. 02-cr-2014F. (D.E. 33 at 2.) Accordingly, the Court asked the United States Probation Office to communicate with the Bureau of Prisons to ensure that the BOP

properly understood the Court's intent, as reflected in the judgment.  Based on the report of the United States Probation Office to this Court, it is the Court's understanding that the BOP is now giving effect to the Court's expressed intention at sentencing and in the judgment and is crediting Mackey's federal sentence for the time between June 26, 2006 and the date of his sentencing.

Accordingly, the relief requested by Mackey has been provided.  His motion is therefore denied without prejudice as moot.  In the event that Mackey believes the Bureau of Prisons is still improperly calculating his sentence, he may again contact this Court or may file a petition pursuant to 28 U.S.C. § 2241.  See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990).  Any such petition should be filed only in the jurisdiction where petitioner is incarcerated.  See Pack, 218 F.3d at 451.

It is so ORDERED this 5th day of May, 2010.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE